Dear Mr. Ponder:
You have requested an Attorney General's opinion on behalf of the Metropolitan Council of the City/Parish of East Baton Rouge ("Council") relative to Louisiana's open meetings laws. Specifically, you ask the following questions regarding "walking quorums":
 (1) Would members of the Council or a committee thereof constituting a quorum as a whole but meeting individually or discussing by phone an official be in violation of the open meetings laws? What if this scenario occurred on two or three consecutive days? What if the discussions each concerned different issues?
 (2) Would there be a violation of a quorum of a committee or if the Council called each other one after the other on the same matter? What if the calls concerned different matters?
As a city/parish governing authority, the Council is considered a public body under the open meetings laws. The terms "meeting" and "quorum" are defined by R.S. 42:4.2 as follows:
 1. "Meeting" means the convening of a quorum of a public body to deliberate or act on a matter over which the public body as an entity has supervision, control, jurisdiction or advisory power.
 * * * * * *
 2. "Quorum" means a simple majority of the total membership of a public body.
These terms are important to our discussion to first determine whether a "meeting" of the Council actually occurred. With regard to your first question, it appears that at no time was there ever a gathering of any two or more Council members meeting with any official on the same day.
In Brown v. East Baton Rouge Parish School Board,405 So.2d 1148 (La.App. 1 Cir., 1981), the Court held that a "walking quorum" would have the effect of circumventing the provisions of the Open Meetings Law. The gathering of less than a quorum of school board members at the office of one board member was not a closed meeting in violation of the Open Meetings Law.
Therefore, members of the Council who meet individually with any official, whether on the same day or different days, would not be in violation of the open meetings laws. Whether or not the issues discussed were the same in each discussion does not alter this conclusion.
Your second question asks whether a violation of the open meetings laws would occur if a quorum of a committee or the Council called each other, one after the other, concerning the same matter or various matters.
Generally, this office has concluded that a telephone poll of members of a public body to discuss or take action on any matter or which the public body has supervision, control, jurisdiction or advisory power is a closed meeting prohibited by LSA-R.S. 42:5. Opinions 78-1017, 92-166.
If a quorum of the Council or a committee thereof contacts each other by telephone for the purpose of discussing or deciding on a course of action on a matter over which it has authority, this would be considered a circumvention of the open meetings laws.
I trust this addresses your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
ASSISTANT ATTORNEY GENERAL
RPI:CMF, III/mjb